UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM ANTHONY FREEMAN,
    Defendant/Petitioner,                          Civil Case No. 96-73565
v.                                                                     Criminal Case No. 90-81125
                                                                      HON. BERNARD A. FRIEDMAN
UNITED STATES OF AMERICA,
    Plaintiff/Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)**

**I.**    **Introduction**

Before the Court is Petitioner's January 11, 2006 Motion for Relief From Judgment, seeking relief from the Court's January 22, 1997 Order denying his first motion to vacate his sentence. Respondent filed a Response to Petitioner's Motion on July 20, 2006. In the interest of allowing Petitioner an opportunity to be heard, on October 4, 2006 the Court granted Petitioner's Motion to Extension to Time to file a reply, and permitted Petitioner an opportunity to file a late Reply. Petitioner did not do so.

**II.**    **Procedural History**

Following a jury trial before former United States District Judge George LaPlata, Petitioner was convicted of conspiracy to distribute cocaine, and sentenced to 480 months' imprisonment. His conviction and sentence were affirmed by the Sixth Circuit on direct appeal. On April 18, 1996, Petitioner filed a petition to vacate his sentence pursuant to 28 U.S.C. s. 2255. Petitioner's case was reassigned from Judge LaPlata to this Court on August 29, 1996. On January 22, 1997 Petitioner's motion to vacate his sentence was denied. The denial was

affirmed by the Sixth Circuit on December 15, 1998. Petitioner filed a second motion to vacate his sentence on February 29, 2000, which this Court dismissed on June 26, 2001. The Sixth Circuit denied Petitioner's appeal.

**III.    Analysis**

Petitioner filed the instant motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b) on January 31, 2006, seeking relief from the court's order denying his first motion to vacate his sentence. Petitioner argues that the court's order denying his motion to vacate is "void as a matter of law," because his sentence was based on quantities and types of cocaine that were not determined by a jury finding. In support of his argument, Petitioner cites to Booker v. United States, 125 S.Ct. 738 (2005).

The Sixth Circuit has held that *Booker* is not applicable to cases on collateral review. Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005)(holding that *Booker* does not apply retroactively). Other circuit courts of appeal have ruled on this issue, and agree with the Sixth Circuit. *See, eg.* United States v. Morris, 429 F.3d 65 (4th Cir. 2005); Padilla v. United States, 416 F.3d 424 (5th Cir. 2005); Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005). *Booker* does not support Petitioner's argument.

**IV.     Order**

Accordingly,

IT IS ORDERED that Petitioner's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b) is DENIED.


Dated: October 20, 2006             s/Bernard A. Friedman
       Detroit, Michigan           BERNARD A. FRIEDMAN
                                   CHIEF UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was served this date upon counsel of record electronically and/or via first-class mail.

       /s/ Patricia Foster Hommel
           Patricia Foster Hommel
       Secretary to Chief Judge Friedman